Curia, per

Wardlaw, J.
The question here, as in Bauskett and Jones, 2 Speers, 68, is whether the deed warranting the premises, by its description covers more than has been enjoyed under it. Sere, as there, the consideration expressed in the deed shews that the sale was of the tract in gross, and not by the acre. But here the words more or less are not in the deed, as they wore there, and the number of acres is here specified with an exactness which descends even to fractions. From all this the plaintiff contends that here is a warranty of the quantity specified.
But when it is seen that the quantity is only copied from the plat annexed to the deed, and that the description is of a tract sold in gross, by metes and bounds precisely represented, the quantity seems only part of the description, which yields to other more certain particulars. Its introduction into the deed, along with other particulars intended to identify .the land sold, does not of itself bind the *419 vendor to warrant the quantity, any more than, a bare reference to the plat, without any mention of quantity in the deed itself, would have done. For a plat almost always specifies the quantity as the surveyor has calculated it, and is by reference to it made part of the deed, (2 N. and McC. 185.) Yet reference to a plat, where the intention to warrant the quantity is not otherwise manifested, we said in Bauskett and Jones, did not (without wilful misrepresentation, which could not be inquired into in an action of covenant,) bind the vendor to insure the accuracy of the measurement and* computation which the surveyor made. A new trial must therefore be had, because the verdict has been rendered upon the assumption that the defendant was liable for any deficiency of the quantity specified.
Against this the plaintiff has urged that a portion of the land covered by Weathersby’s plat, which was annexed to the deed, is not within the grants mentioned in the deed, but is covered by a paramount title; and that for this portion the verdict was rendered. The defendant has insisted that the description and warranty only cover what is within the grants mentioned, and has cited Bond vs. Quattlebaum, 1 McC. 584.
If no plat accompanied the deed, and reference for certainty was made to the origiual grants only, this position of the defendant might be maintained. But where the original grants and other particulars are mentioned to identify the land, and exact certainty of marks and hounds is obtained by reference to a plat, that plat controls the original grants. ■ It becomes the vendor’s representation of the manuer in which the original grants should be located. Although not warranting the surveyor’s accuracy of measurement and calculation, the vendor, when he adopts the plat as his description, does, by his warranty of the premises, warrant that the land sold extends to the marks and lines which the surveyor has delineated. In the deed three grants are mentioned, and all the land covered by the three, seems to be conveyed, if the plat annexed is not to control; for Kennedy’s plat seems, from the words of the deed, only to have corrected the computation of the third *420 original grant, not to have altered its lines. Yet the fact probably is, as was said at the bar, that a large part of that third grant was taken off by older surveys, and thence the diminution of its quantity. Would the defendant be willing, upon his own principle of taking the original grants, and not the plat annexed, for the description, to answer for all the land that has been taken off the third grant 1
We are satisfied that the defendant must answer for all that portion of the land represented by Weathersby’s plat to which the plaintiff has not acquired a good title, but the verdict has not ascertained the exact extent of such portion, nor indeed that there is any such portion. According to the delineation of Leggo, (the surveyor in this case,) the amount cannot be 52 3-4 acres, for the price of which the verdict was rendered. Upon a new trial, then, the old grant and Weathersby’s plat must be both carefully located at the point of dispute, and if the latter should be found to run outside of the former, the intervening space must be exactly computed.
The motion is granted.
The whole court concurred.